LAWRENCE G. BROWN
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. 2:08-CR-00460 GEB GGH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND PROTECTIVE |
| v. | ) | ORDER REGULATING DISCOVERY |
| | ) | |
| MARK ANTHONY CORRENTI, | ) | |
| | ) | |
| Defendant. | ) | |

    Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in United States v. Mark Anthony Correnti, stipulate and agree, and respectfully request that the Court order that:

    1.   The United States shall provide defense counsel with access to additional discovery in this case. This material consists of a Risk Management Report prepared by Placer County in connection with a claim filed by the defendant in what the government believes to be an unrelated civil matter (hereinafter "Protected Material"). Disclosure of the Protected Material may better facilitate the defendant's preparation for trial and/or his decision to resolve his case.

    2.   The Protected Material is now and will forever remain the property of Placer County, California. The Protected Material is being provided to the defendant only for purposes of representation

1

1  in this case.  The parties agree that the Protected Material is the
2  work-product of Placer County and that Placer County is not waiving
3  any privilege, or right to assert any privilege, over the Protected
4  Material.  Upon conclusion of the parties' examination of the
5  Protected Material, the Protected Material will be returned to
6  Placer County and any copies will be destroyed.
7      3.   Counsel for the defendant shall not make any paper or
8  electronic copy of any Protected Material.
9      4.   Counsel for the defendant shall not reveal the contents of
10 the Protected Material to any person other than the defendant,
11 counsel's staff or investigator.  The terms "staff" and
12 "investigator" shall not be construed to describe any defendant or
13 other person not either regularly employed by counsel or a licensed
14 investigator hired in this case.
15     5.   Any person receiving information about the Protected
16 Material from counsel shall be bound by the same obligations as
17 counsel.
18     6.   Counsel shall maintain a list of persons to whom
19 information about any Protected Material has been given.  Such
20 persons shall be shown a copy of this Stipulation and Order and
21 shall sign a copy of the Stipulation and Order and note that they
22 understand its terms and agree to them.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

7. To the extent that disclosure of the Protected Material is required under the Federal Rules of Discovery, <u>Brady</u>, <u>Giglio</u>, or the Jencks Act, such disclosure will be made in accordance with the rules of discovery.

Date: September 2, 2009                     Respectfully Submitted,

                                                  LAWRENCE G. BROWN
                                                  United States Attorney

                                        By:  <u>*/s/ Kyle Reardon*</u>
                                              KYLE REARDON
                                              Assistant U.S. Attorney

Date: September 2, 2009     By:  <u>*/s/ Kyle Reardon for*</u>
                                              MATTHEW C. BOCKMON
                                              Counsel for the Defendant

**SO ORDERED.**

DATE: September 3, 2009

                                    /s/ Gregory G. Hollows
                                    HON. GREGORY G. HOLLOWS
                                    United States Magistrate Judge

correnti.ord